Dear Senator Jones:
Your request for an Attorney General's Opinion has been referred to me for a response. You have asked this office to address the following issues:
 1. In what situation can on-site drug testing be used without coming under LRS 49:1001, et seq.?
 2. Can on-site drug testing be used if there are no permanent consequences to an employee or a job applicant without coming under LRS 49:1001, et seq.?
 3. Can on-site drug testing be used for job applicants who have not yet been given an offer to intent to hire by an employer without coming under LRS 49:1001, et seq.?
 4. Can on-site drug testing be used to test school athletes and/or students in extracurricular activities?
The Louisiana Legislature passed legislation that is applicable to any drug testing in this state. R.S. 49:1001 et seq. The legislation is generally intended to set standards to which any drug testing must conform. With certain exceptions, R.S. 49:1005
states the scope of the regime as:
 A. Beginning June 1, 1991, all drug testing, except as provided for in R.S. 49:1008, of individuals in residence in the state and all drug testing of samples collected in the state, including territorial waters and any other location to which the laws of Louisiana are applicable, shall be performed in NIDA-certified or CAP-FUDT-certified laboratories, if both of the following apply:
 (1) If, as a result of such testing, mandatory or discretionary consequences will be rendered to the individual.
 (2) Drug testing is performed for any or all of the following classes of drugs: marijuana, opioids, cocaine, amphetamines, and phencyclidine.
Concerning your first question, any drug testing that falls within the above definition must be done within "NIDA-certified or CAP-FUDT-certified laboratories." As stated above, certain factors must be present. If these factors are not present, on-site drug testing may be used.
Additionally, as noted above, certain other statutory exceptions exist. Many exceptions are contained in R.S. 49:1002, which states:
 A. This Chapter applies to testing for the presence of marijuana, opioids, cocaine, amphetamines, and phencyclidine.
 B. This Chapter does not preclude or regulate the testing for drugs other than those specified in Subsection A of this Section or other controlled substances as defined in 21 U.S.C. § 812, Schedules I, II, III, IV, and alcohol.
 C. This Chapter shall not apply to treatment centers or physicians using drug testing to diagnose or monitor their patients, nor to any person, firm, or corporation engaged in the production and distribution of gas or electricity that is regulated by the Louisiana Public Service Commission.
 D. This Chapter shall not apply to drug testing conducted under legal authority including testing of persons in the criminal justice systems, such as arrestees, detainees, probationers, incarcerated persons, or parolees.
 E. This Chapter shall not apply to drug testing mandated by Federal Executive Order 12564.
 F. This Chapter shall not apply to drug testing by the National Collegiate Athletic Association (NCAA) or the National Football League (NFL).
 G. This Chapter shall not apply to any athlete who is currently being drug tested under the auspices of any recognized international, national, regional, or state governing authority.
 H. This Chapter shall not apply to any person, firm or corporation engaged or employed in the exploration, drilling, and/or production of oil or gas in Louisiana or its territorial waters.
See also R.S. 49:1008, for other exceptions. If any of the above exceptions are applicable, on-site drug testing may be used.
Concerning your second question, the above statute does not use the word "permanent" to describe the nature of the consequences to which an individual may be subject. As stated above, the consequences may be "mandatory or discretionary." Therefore, the statute does not consider the duration of the consequences to be a relevant factor in determining the applicability of the legislation.
Concerning your third question, the statutes contain no exception for on-site drug testing for job applicants who have not yet been given an offer of intent to hire by an employer.
Finally, "school athletes" may be excluded from the above statute if they fall within R.S. 49:1002 (F) or (G). However, the organization that conducts the testing of these exempted individuals probably have their own drug testing regimes that should be consulted.
Your last question also addresses "students in extracurricular activities." These individuals would fall within R.S. 49:1005(A). Local school boards or other similar authorities that require drug testing should conform their programs to the requirements of the above legislation.
I trust the above addresses your inquiry.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________ JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH:cwr
DATE RECEIVED: MARCH 18, 1999
DATE RELEASED:
JAMES C. HRDLICKA ASSISTANT ATTORNEY GENERAL